*200
 
 Hart, J.
 

 The workmen’s compensation law of this state requires that, to be compensable, an injury to or the death of plaintiff’s decedent, James E. Stevens, and arise out of his employment. See Section 1465-68, General Code;
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104;
 
 Slanina
 
 v.
 
 Industrial Commission,
 
 117 Ohio St., 329, 158 N. E., 829;
 
 Industrial Commission
 
 v.
 
 Lewis,
 
 125 Ohio St., 296, 181 N. E., 136.
 

 The sole question presented in this action is whether the death of an employee must occur in the course of at Moundsville, West Virginia, on Sunday, February 9, 1941, was the result of an injury so sustained.
 

 Stevens was employed as mine foreman of the Powhatan Mining Company at its mine at Powhatan Point, Ohio. The situs of his employment was at this mine. This is emphasized by the definition of the duties of mine foreman in Section 898-150, General Code. There is nothing in the record to indicate that the situs or zone of Stevens’ employment extended beyond the environs of the mine itself.
 

 The courts of this state have uniformly held that, where the employment of an employee has a fixed situs, an injury, to be compensable, must be suffered by an employee at or near the place of employment or within what is known as the zone of the employment.
 
 Conrad, Admx.,
 
 v.
 
 Youghiogheny & Ohio Coal Co.,
 
 107 Ohio St., 387, 140 N. E., 482, 36 A. L. R., 1288;
 
 Industrial Commission
 
 v.
 
 Heil,
 
 123 Ohio St., 604, 176 N. E., 458;
 
 Industrial Commission
 
 v.
 
 Baker,
 
 127 Ohio St., 345, 188 N. E., 560;
 
 Industrial Commission
 
 v.
 
 Gintert,
 
 128 Ohio St., 129, 190 N. E., 400, 92 A. L. R., 1032.
 

 There are three recognized situations which are excepted from this general rule. They are (1) where the employer, as an incident of the employment, provides the means of transportation to and from the place of
 
 *201
 
 employment; (2) where the way used to enter or leave the place of employment is the sole and exclusive means of ingress and egress or where the way of ingress and egress is constructed and maintained by the employer; and (3) where the employee is charged while on his way to or from his place of employment or at his home with some duty in connection with his employment.
 

 Plaintiff’s counsel in this case, in claiming a right of recovery, rely on the rule adopted in the cases of
 
 Sullivan
 
 v.
 
 Suffolk Peanut Co.,
 
 171 Va., 439, 199 S. E., 504, 120 A. L. R., 677, and
 
 Norris
 
 v.
 
 New York Central Rd. Co.,
 
 246 N. Y., 307, 158 N. E., 879, which hold, in general, that, where an employee is killed during working hours at a place near to the locus of his employment or the situs of his duties, there is a presumption, in the absence of evidence to the contrary, that his death arose out of and in the course of his employment. This court finds no fault with this rule as applied to the circumstances of those cases. On the other hand, this court takes the view that a converse rule should obtain, to the effect that, if an employee whose employment has a fixed situs is killed during working hours at a place distant from the locus of his employment and the situs of his duties, there is a presumption, in the absence of evidence to the contrary, that his death did not arise out of and in the course of his employment.
 

 Where an employee’s death occurs outside of the situs or zone of employment, the burden of proof is upon the plaintiff to show that the employee was engaged in the authorized business of the employer when he met his death. In this connection, the case of
 
 Industrial Commission
 
 v.
 
 Bateman,
 
 126 Ohio St., 279, 185 N. E., 50, holds:
 

 “In order to avail himself of the provisions of our
 
 *202
 
 compensation law the injuries sustained by the employee must have been ‘occasioned in the course of’ his employment. Such injuries must be connected with the operation of the employer’s business, either on the premises or within its immediate environs; or, if the injuries are sustained elsewhere, the employee, acting within the scope of his employment, must, at the time of his injury,'have been engaged in the promotion of his employer’s business and in the furtherance of his affairs.”
 

 The trial court, in the instant case, in its charge upon this issue correctly placed the burden of proof on the plaintiff by stating to the jury:
 

 . ‘‘In order for the plaintiff to recover in this action, it is necessary that it be proven by a preponderance of all the evidence that at the time James E. Stevens met his death by reason of injuries sustained he was in the course of his employment as an employee of Powhatan Mining Company. The term ‘injured in the course of employment’ means an injury sustained in the performance of some required duty done directly or incidentally in the service of an employer and in furtherance of the employer’s interests or in the performance of some act or acts reasonably connected therewith. Further, such injury must be connected with the operation of the employer’s business; that is, the employee must at the time of sustaining his injuries have been acting within the scope of his employment and engaged in the promotion of his employer’s business and the furtherance of his employer’s affairs.”
 

 The plaintiff sought to sustain this burden by showing the facts as hereinafter stated, claiming that from such facts an inference arose to the effect that Stevens was in the course of his employment at the time of his death. On the other hand," the defendant claims
 
 *203
 
 that the facts so developed raised the inference that Stevens had abandoned his employment and was at the time of his death on a pleasure trip of his own. The plaintiff, in order to sustain the burden of proof, must produce evidence beyond mere inferences upon inferences, which are no substitute for evidence. Facts cannot be established by evidence which is so uncertain and speculative as to raise merely a conjecture or possibility.
 
 Manning
 
 v.
 
 John Hancock Mutual Life Ins. Co.,
 
 100 U. S., 693, 25 L. Ed., 761; annotation, 95 A. L. R., 182.
 

 It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden.
 

 The Court of Appeals, in its opinion in this case, • observed:
 

 “We have searched this record very diligently to find any evidence that at the time Williams and Stevens were killed they were on their way to Wheeling to make a social call upon Mr. Smith or for any purpose not connected with their employment at the Powhatan mine.”
 

 It is the view of this court that, to entitle the plaintiff to recover, there must be more than no evidence that Stevens was at the time of his death on a mission of his own. There must be evidence that he was on a mission within the scope of his employment and on the business of his employer.
 

 It remains to be determined whether there was any probative evidence presented by the plaintiff to sustain the burden of proof on these issues. The undisputed evidence discloses that sometime Sunday morning, Williams, the mine superintendent, driving his
 
 *204
 
 own car, with Stevens as a passenger, left the mine and went to Sardis, a village 21 miles down the Ohio river from Powhatan Point, arriving there ahont 11:00 a. m., where they remained about 25 minutes. The object of this trip is not disclosed by the evidence. While at Sardis, Williams made a telephone call to Gilbert H. Smith at the McClure Hotel in Wheeling, about 41 miles up the Ohio river from Sardis. Smith was a representative of the DuPont company, at the time engaged in installing equipment at the Powhatan mine for the purpose of breaking down coal by hydraulic pressure. Williams said in this telephone call, “We are on the way to Wheeling. We are approximately 40 minutes from Wheeling. We will proceed to Wheeling as soon as we have put on chains in the filling station where we now are.” This call was without prior appointment with Smith. No purpose of the trip was stated by Williams and. he did not indicate that Stevens was with him.
 

 Williams and Stevens were again seen at the mine at about twelve o’clock, checking time books. There is no evidence as to how or where they crossed the Ohio river, but both men were killed in Mounds-ville, West Virginia, 12 miles south of Wheeling, between 1:30 and 2:00 o’clock in the afternoon. There is no evidence as to how they came to be in Mounds-ville and no evidence as to why Stevens was making the trip with Williams.
 

 Smith testified that his contacts with Williams and Stevens had always been at the mine, except that Williams visited him at Wheeling on a social call on the previous Saturday, February 1. Powhatan Point is 20 miles from Wheeling and approximately eight miles south of Moundsville on the opposite side of the Ohio river.
 

 The evidence does not disclose why Stevens was
 
 *205
 
 away from the mine on this trip, and there is no evidence whatsoever that he had any business with Smith or that he was in any way promoting the business of his employer at the time of his death. Any claim that he was on a mission for his employer is mere surmise. Evidence is required and this is entirely lacking.
 

 It is the view of this court that the trial court erred in not sustaining defendant’s motion for a directed verdict at the close of all the evidence.
 

 The judgment is reversed and final judgment is entered for the defendant commission.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Turner and Matthias, JJ., concur.