[Cite as *Hughley v. Southeastern Correctional Ins.*, 2010-Ohio-2182.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN HUGHLEY

    Plaintiff

    v.

SOUTHEASTERN CORRECTIONAL INST.

    Defendant

    Case No. 2009-05668-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1)    Plaintiff, Kevin Hughley, a former inmate who was incarcerated at defendant, Southeastern Correctional Institution (SCI), filed this claim alleging three separate causes of action against defendant essentially involving property loss. The claims totaling $117.00 in damages requested shall be addressed in the order plaintiff listed in his original complaint. Payment of the $25.00 filing fee was waived.

{¶ 2} 2)    Plaintiff recalled he was transferred from the SCI general population to a segregation unit on or about May 27, 2009. Plaintiff's personal property was inventoried, packed, and delivered into the custody of SCI staff incident to this transfer. Plaintiff asserted he was permitted to examine a copy of his property inventory on May 28, 2009 and discovered a pair of Riddell basketball shoes, two pairs of shorts, two t-shirts, and various commissary items were not listed and presumedly had not been packed. Plaintiff explained he was not present during the time his property was packed due to the fact he "was on Suicide Watch" status. Plaintiff implied the shoes, shorts, t-shirts, and commissary items were lost or stolen as a proximate cause of negligence on

the part of SCI personnel in failing to conduct a proper pack-up. Plaintiff requested damage recovery in the amount of $65.00 for the alleged missing items. Plaintiff submitted documentation he received shoes, shorts and t-shirts in January 2009.

{¶ 3} 3) In a completely different matter, plaintiff pointed out he was issued a conduct report for contraband possession "in the second week of May, 2009." Plaintiff provided a copy of a "Contraband Control Slip" dated May 15, 2009 that noted several items of personal property were confiscated from plaintiff's possession by an SCI employee. The confiscated items included "2 boxes Star Crunch, 6 Faygo red pop, 3 razors, 1 Magic Chip, 1 bottle pizza sauce, 1 bbq chips, 2 Honey Bun, 1 Kroger chip, 1 stick coca butter, 1 hot chili, 1 pkg (pepperoni), 1 pack Tortilla." Plaintiff advised the items consisting mostly of foodstuffs were confiscated, despite the fact he "produced receipts for ½ the items (and) had proof of other items taken." Plaintiff maintained the confiscated items were never returned and he has claimed damages in the amount of $26.00 for the loss. Plaintiff did not submit any proof of purchase or other indicia of ownership of the confiscated property.

{¶ 4} 4) In another matter, plaintiff explained he was issued State Pay in March and June 2009 which was deposited in his inmate account. Plaintiff further explained that portions of his State Pay funds for March and June 2009 were withdrawn from his account to pay for postage and copying expenses he incurred in June and August 2008. Plaintiff noted that because of the amount of funds withdrawn from his account he was left with an insufficient account balance to purchase personal hygiene items. Plaintiff essentially contended defendant wrongfully collected $26.00 from his inmate account to pay for postage and copying debts. Plaintiff asserted defendant had previously agreed to not use his State Pay funds to satisfy outstanding debts he owed.

{¶ 5} 5) Defendant denied liability on all three claims. Defendant asserted the clothing items plaintiff claimed were not among his packed property on May 27, 2009 were not in plaintiff's possession at the time his property was packed incident to his transfer to segregation. Defendant acknowledged plaintiff ordered the clothing items from a vendor prior "to being placed in disciplinary segregation" and the items arrived at SCI after plaintiff was transferred to a segregation unit. Defendant offered that plaintiff "intended to get new tennis shoes and shorts before he reported his old ones misplaced by" SCI personnel. Defendant related that once plaintiff "was placed in segregation he

knew that his package containing his new shoes and shorts would be sent back to the vendor supplier." The order for new shoes and shorts was placed by plaintiff on May 26, 2009 and received at ASCI on June 2, 2009. The shorts and shoes received on June 2, 2009 were returned to the vendor due to plaintiff being assigned to segregation. Apparently, the shoes and shorts were reordered and sent to SCI on July 8, 2009. Neither defendant nor plaintiff submitted a copy of plaintiff's property inventory for May 27, 2009; compiled when his property was packed incident to his transfer to segregation. From the evidence available the trier of fact presumes the shoes, shorts, and t-shirts plaintiff received in January 2009 were not packed by SCI staff when plaintiff was transferred to segregation on May 27, 2009. There is no evidence presented to show the shoes, shorts, and t-shirts plaintiff received from a vendor in January 2009 were actually in his possession on May 27, 2009 and therefore, subject to being packed.

{¶ 6} 6) In reference to plaintiff's second claim alleging improper confiscation of his commissary items, defendant has acknowledged property in plaintiff's possession was confiscated on May 15, 2009 and plaintiff was issued a "Conduct Report" (copy submitted) for possession of contraband. Defendant denied any SCI staff acted improperly in confiscating property from plaintiff. Defendant stated "[p]laintiff failed to provide proper information for the claim to be further investigated, thus the property was entitled to be destroyed." According to the May 15, 2009 "Conduct Report" plaintiff was observed on that date walking out of the SCI F1 South dormitory housing unit where he did not reside carrying a bag of commissary items. Plaintiff was stopped, the bag he was carrying was searched and approximately twenty-six commissary items were confiscated. According to the "Conduct Report," plaintiff produced a receipt for approximately seven items, but could not provide proof of ownership for the remaining items found in the bag he carried out of the F1 South Unit. Noted on the "Conduct Report" was the advisement that plaintiff's "receipt was timed at 12:15 pm and he was in the dorm (F1 South) at 12:21 and he was leaving." The "Conduct Report" contained the notation that plaintiff was escorted from the F1 South Unit with his legitimate items (property listed on the commissary receipt) to his housing unit. The remaining items were confiscated as contraband. Plaintiff subsequently appeared before defendant's Rules Infraction Board (RIB) on May 19, 2009 and the RIB hearing officer found plaintiff

guilty of three internal rule violations. Under the caption "Other Statement/Evidence" in the RIB "Hearing Officer's Report" (copy submitted) is the notation, "[t]his inmate (plaintiff) also stated he was offered the 7 VALID commissary items  and HE REFUSED THEM twice!!!"  Apparently all property confiscated from plaintiff on May 15, 2009 was destroyed as contraband in accordance with defendant's internal regulations.

{¶ 7}   6)   In regard to plaintiff's third claim, defendant asserted "[p]laintiff has failed to demonstrate when monies were wrongfully confiscated from his prison account."  Defendant contended plaintiff failed to offer proof any funds were wrongfully collected from his inmate account to pay for postage, court costs, and copying fees.

{¶ 8}   7)   Plaintiff filed a response initially asserting defendant failed to conduct a proper pack up incident to his transfer to segregation in May 2009.  Plaintiff contended defendant failed to pack his shoes, shorts and t-shirts that he already had in his possession when he was transferred to segregation.  Additionally, plaintiff explained he obtained the commissary items that were confiscated as contraband on May 15, 2009 by trading with another inmate; an act specifically proscribed by defendant's internal regulations.  Plaintiff related the claim involving funds withdrawn from his inmate account "can be waived since it is going to be brought up in a district filing in U.S. Courts pertaining to denying access to the courts in a title 42 claim."

CONCLUSIONS OF LAW

{¶ 9}   1)   For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 10} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 11} 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 12} 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 13} 5) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD

{¶ 14} 6) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess among different possibilities, as to any issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 15} 7) Plaintiff failed to prove he actually delivered a pair of shoes, shorts, t-shirts, and commissary items into defendant's custody and control on May 27, 2009. Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 16} 8) Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

{¶ 17} 9) Plaintiff has failed to prove, by a preponderance of the evidence, any

of his property items were lost, discarded or stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD. Plaintiff's claim for property loss in connection with his May 27, 2009 transfer is denied.

{¶ 18} 10)This court has previously held that property in an inmate's possession which cannot be validated by proper indicia of ownership is contraband and consequently, no recovery is permitted when such property is confiscated. *Wheaton v. Department of Rehabilitation and Correction* (1988), 88-04899-AD.

{¶ 19} 11)An inmate plaintiff is barred from pursuing a claim for the loss of use of restricted property when such property is declared impermissible pursuant to departmental policy. *Zerla v. Dept. of Rehab. and Corr.* (2001), 2000-09849-AD.

{¶ 20} 12)Plaintiff has no right to pursue a claim for destroyed property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD. Defendant cannot be held liable for contraband property that plaintiff has no right to possess. *Beaverson v. Department of Rehabilitation and Correction* (1988), 87-02540-AD; *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071. Evidence has shown the property confiscated from plaintiff on May 15, 2009 was obtained through improper means, impermissible due to its nature, and consequently, plaintiff has no right of ownership. Therefore, the claim for the property confiscated from plaintiff on May 15, 2009 is denied.

{¶ 21} 13)Plaintiff's third claim is based on defendant's alleged failure to make a proper accounting of state pay deductions to be applied to the balance of debts owed. Defendant has discretion to make decisions regarding inmate pay. State pay loss is not a compensable element of damages in regard to prisoners. See *Cotten v. Dept. of Rehab. and Corr.* (1993), 92-02013-AD, jud; *Platz v. Noble Correctional Institution* (2001), 2001-02210-AD; *Myers v. Southern Ohio Correctional Facility* (2006), 2005-10063-AD, jud; *Johns v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2006-07724-AD, 2007-Ohio-3748; *Thayer v. Ohio State Penitentiary*, Ct. of Cl. No. 2007-06730-AD, 2008-Ohio-3417.

{¶ 22} 14)Alternatively, considering defendant's acts could be construed as a wrongful collection of plaintiff's funds, plaintiff could still not prevail. Plaintiff is seeking

to recover funds he asserted were wrongfully withheld; the funds sought for recover represents a claim for equitable relief and not money damages. Consequently, this court at the Administrative Determination level has no jurisdiction over claims grounded in equity based on the wrongful collection of funds from an inmate account. See *Flanagan v. Ohio Victims of Crime Fund*, Ct. of Cl. No. 2003-01893-AD, 2004-Ohio-1842; also *Blake v. Ohio Attorney General's Office*, Ct. of Cl. No. 2004-06089-AD, 2004-Ohio-5420; and *Johnson v. Trumbull Corr. Inst.*, Ct. of Cl. No. 2004-08375-AD, jud, 2005-Ohio-1241; *Thayer.* Plaintiff's claim involving deductions from his inmate account is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN HUGHLEY

    Plaintiff

    v.

SOUTHEASTERN CORRECTIONAL INST.

    Defendant

    Case No. 2009-05668-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kevin Hughley, #0171385
P.O. Box 5660
Cleveland, Ohio  44101

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
1/22
Filed 2/4/10
Sent to S.C. reporter 5/14/10