[Cite as *Fredericy v. Adult Parole Auth.*, 2010-Ohio-4582.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

EDWARD FREDERICY

    Plaintiff

    v.

ADULT PAROLE AUTHORITY

    Defendant

    Case No. 2010-01051-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Edward Fredericy, a former inmate incarcerated at Marion Correctional Institution (MCI), filed this action against defendant, Ohio Adult Parole Authority (APA), contending an improper decision by APA regarding his county of residence after parole resulted in him suffering a monetary loss of $600.00. Plaintiff explained he was expecting to be paroled from MCI and in preparation for parole he directed his sister, Tina Blankenship, who held his power of attorney (POA) to enter into a one-year lease agreement for a residence in Mansfield, Ohio, Richland County. Plaintiff maintained he was required to show proof of residence and proof of employment before defendant would approve his release from incarceration. On September 10, 2009, plaintiff's POA entered into a lease agreement on plaintiff's behalf with William Spognardi, landlord of a dwelling unit in Mansfield. According to plaintiff, on or about that same date his POA submitted to landlord William Spognardi, "an $800.00 deposit and $400.00 for the first months rent." A copy of the signed lease agreement along with some proof of employment was forwarded to APA; specifically plaintiff's parole officer, Brian Houseworth, for review. Plaintiff related, "[o]n or about

September 21, 2009 Mr. (Houseworth) informed my POA the (APA) policy was I could not be approved to live in Richland County because I had not previously been a resident of that county and therefore my parole plan was denied." Plaintiff further related that due to the circumstances regarding the denial of his parole plan an attempt was made to recover the $1,200.00 deposited with William Spognardi, who did return $600.00, but refused to return any additional monies. According to plaintiff, his POA (Tina Blankenship) then contacted David Lomax, the Regional Administrator of the Mansfield APA Region, who allegedly informed Blankenship that a mistake had been made in denying the parole plan involving Richland County residency and consequently, the APA would reimburse any deposit funds that had been withheld by William Spognardi. Furthermore, plaintiff claimed APA employee Brian Houseworth "knew what the policy was and still allowed my POA to sign the lease and give Mr. Spognardi $1,200.00 in the form of a deposit and rent." Plaintiff pointed out he was subsequently released to Summit County, a county where he had not previously resided, and to this date has not recovered the remainder of the deposit and rent monies withheld by Spognardi. Essentially, plaintiff has contended his sister relied on advisements made by defendant to enter into a lease agreement and consequently suffered a loss of $600.00 when the conditions of the lease agreement could not be fulfilled. Plaintiff filed this complaint asserting defendant is responsible to reimburse him the $600.00 rent and deposit monies that were not returned by Spognardi. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant denied any APA personnel made any promises to plaintiff regarding his community placement after being released from custody. Defendant stated APA "disputes making any representations or promises to Plaintiff regarding his placement." Defendant contended that APA is not the proper party defendant in this action, but rather any claim plaintiff may be able to pursue should be made against William Spognardi.

{¶ 3} Defendant submitted a written statement from Brian E. Houseworth regarding his knowledge of the matter involving the investigation of plaintiff's placement. Houseworth explained he was assigned to placement investigation in September 2009 and spoke with both William Spognardi and plaintiff's sister, Tina Blankenship about plaintiff securing a residence in Mansfield where Spognardi was a landlord.

Houseworth noted he investigated "previous supervision history with the offender (plaintiff) in Mansfield, Ohio (and) it was determined that the offender would not be approved for placement in Richland County." Additionally, Houseworth provided the following recollection: ". . . during conversations with Landlord Spognardi and the offender's sister that no mention of rent or deposit on apartment occurred. Also, at no time did I discuss that rent or deposit on an apartment in Mansfield, Ohio needed to occur for possible approval of placement."

**{¶ 4}** Furthermore, defendant submitted a lengthy written statement from David S. Lomax concerning background information and his personal involvement in the matter of the rejection of plaintiff's placement in Richland County. Lomax wrote, "[t]he decision to secure housing for an offender rests solely with the offender and their families (and) the APA will investigate a proposed placement plan to determine if they are conducive to supervision." Lomax acknowledged he telephoned plaintiff's sister, Tina Blankenship in October 2009 and explained to her why plaintiff's placement plan for Mansfield was rejected. Additionally, Lomax offered the following recollections of his telephone conversation with plaintiff's sister:

**{¶ 5}** "During the October 2009 conversation, we also discussed the fact that Ms. Blankenship's contention that Officer Houseworth had required or told her to put down a down payment for an apartment was not confirmed by Officer Houseworth. Officer Houseworth is a veteran officer who has conducted numerous placement investigations and he has never been accused of this type of claim. It was explained that the APA does not discuss or require family sponsors to enter into financial agreements on the behalf of an offender."

**{¶ 6}** Lomax specifically denied he made any representation to Tina Blankenship that "our office was going to repay any portion of the down payment of Ms. Blankenship." Lomax recalled subsequent phone calls were made to Tina Blankenship and "at no time was Ms. Blankenship advised or informed by me or anyone else from the Mansfield APA that we were responsible for any portion of the down payment lost to Mr. Spognardi." Lomax specifically denied any Mansfield APA personnel advised Tina Blankenship "to secure apartments or down payments."

**{¶ 7}** Plaintiff filed a response asserting that the Mansfield APA office acted negligently "[b]y not informing" Tina Blankenship of the policy regarding his ineligibility to

reside in Richland County. Plaintiff insisted defendant should be responsible for all damages claimed.

{¶ 8} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. In the instant claim, plaintiff has failed to prove any set of facts constituting actionable negligence on the part of defendant's personnel. Plaintiff has failed to prove he suffered any damages as a proximate cause of any act or omission on the part of defendant's personnel.

{¶ 9} Additionally, any claim plaintiff may have forwarded regarding promissory estoppel is denied. Plaintiff's cause of action for promissory estoppel, however, fails to state a claim upon which relief can be granted. The doctrine of promissory estoppel is that "[a] promise which the promisor should reasonably expect to induce an action or forbearance on the part of the promisee or a third person and which does induce action or forbearance [and the promise] is binding if injustice can be avoided only by enforcement of the promise." Restatement of the Law, Contracts 2d (1981), Section 90, cited in *Ed Schory & Sons, Inc. v. Francis*, 75 Ohio St. 3d 433, 439, 1996-Ohio-194, 662 N.E. 2d 1074. A party claiming promissory estoppel must show that it reasonably relied, to its detriment, on the promise of the opposing party. *Shampton v. City of Springboro*, 98 Ohio St. 3d 457, 461, 2003-Ohio-1913.

{¶ 10} Plaintiff essentially claimed that he relied to his detriment about alleged representations made by defendant's staff that he would need to secure an apartment before he was released on parole. "[A]s a general rule, the principle of estoppel does

not apply against a state or its agencies in the exercise of a governmental function." *Ohio State Bd. of Pharm. v. Frantz* (1990), 51 Ohio St. 3d 143, 145-146, 555 N.E. 2d 630. Revised Code Chapter 5149 and Ohio Adm. Code 5120:1-1, govern the parole process. In light of these provisions, plaintiff's reliance upon the alleged promises of defendant's employees is unreasonable as a matter of law. See *Shampton*, at 461-462. Any claim grounded in promissory estoppel is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

EDWARD FREDERICY

Plaintiff

v.

ADULT PAROLE AUTHORITY

Defendant

Case No. 2010-01051-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Edward Fredericy                Gregory C. Trout, Chief Counsel
1431 South Main Street          Department of Rehabilitation
Apt. 36                         and Correction
Akron, Ohio  44301              770 West Broad Street
                                Columbus, Ohio  43222

RDK/laa
4/21
Filed 5/14/10
Sent to S.C. reporter 9/17/10