[Cite as *Spencer v. Dept. of Transp., Dist. 6*, 2010-Ohio-5830.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VALERIE SPENCER

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION, DIST. 6

    Defendant
    Case No. 2010-02511-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Valerie Spencer, filed this action against defendant, Department of Transportation, (ODOT), contending her 2000 Dodge Avenger was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous roadway condition on Interstate 70 West in Franklin County. Plaintiff described the particular damage incident noting she entered "the freeway at Hamilton Rd. going 70 west it's (approximately) 6 pm on Tuesday January 12th traffic was pretty heavy, I am in the passing lane when I hit a huge pothole before the Miller/Kelton exit." Plaintiff pointed out she sustained wheel and tire damage to her vehicle as a result of striking the pothole. Plaintiff filed this complaint requested damage recovery in the amount of $619.99, the total cost of replacement parts and related repair expense incurred as a result of the January 12, 2010 incident. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's January 12, 2010 described occurrence. Defendant located the particular

pothole "at approximately milepost 16.17 on I-70 in Franklin County." Defendant explained that ODOT records show no reports of a pothole at the location indicated were recorded prior to plaintiff's damage event. Defendant related that ODOT received four complaints of potholes on Interstate 70 on January 12, 2010, "but not in the same location as plaintiff's incident."

{¶ 3} Defendant argued plaintiff did not provide any evidence to establish the length of time the particular pothole was present on the roadway prior to January 12, 2010. Defendant suggested that "it is more likely than not the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 4} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to January 12, 2010. Defendant asserted that "I-70 was in good condition at the time and in the general vicinity of plaintiff's incident." Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that no (0) pothole patching operations were conducted in the same location as plaintiff's incident." Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy*

Case No. 2006-03532-AD          - 3 -          MEMORANDUM DECISION

*Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden" Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole on Interstate 70 prior to the night of January 12, 2010.

{¶ 7} Therefore, to find liability, plaintiff must prove that ODOT had constructive

notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

**{¶ 8}** In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

**{¶ 9}** Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the

Case No. 2006-03532-AD - 5 - MEMORANDUM DECISION

pothole

{¶ 10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition.  Plaintiff failed to prove her property damage was connected to any conduct under the control of defendant, or that defendant was negligently in maintaining the roadway area, or that there was any actionable negligence on the part of defendant.  *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VALERIE SPENCER

Plaintiff

v.

DEPARTMENT OF TRANSPORTATION, DIST. 6

Defendant

Case No. 2010-02511-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Valerie Spencer                                    Jolene M. Molitoris, Director
3393 Stephen Drive S.                          Department of Transportation
Columbus, Ohio  43204                         1980 West Broad Street
                                                        Columbus, Ohio  43223

Case No. 2006-03532-AD             - 7 -            MEMORANDUM DECISION

RDK/laa
6/22
Filed 8/3/10
Sent to S.C. reporter 11/23/10