[Cite as *Lazur v. Dept. of Transp.*, 2011-Ohio-7001.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARY JO LAZUR

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION

   Defendant

Case No. 2011-09004-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1}    Plaintiff, Mary Jo Lazur, filed this action against defendant, Department of Transportation (ODOT), contending that her car was damaged as a proximate result of negligence on the part of ODOT in maintaining the roadway free of hazards in a construction area on Interstate 75 in Lucas County.  Plaintiff requested damages in the amount of $167.60, the cost to replace the damaged tire, and an unspecified amount for "1 ½ hr. loss of work."[1]  The $25.00 filing fee was paid.

{¶2}    ODOT filed an investigation report requesting that plaintiff's claim be dismissed, advising that the claim was paid and settled by ODOT contractor, E.S. Wagner Company (Wagner).  Defendant provided a copy of check number 118921 issued to plaintiff on August 12, 2011, by Wagner in the amount of $167.60.  Consequently, defendant pointed out plaintiff's entire damage claim was covered by a collateral source and is subject to the provisions of R.C. 2743.02(D).[2]  ODOT stated,

---

[1] Plaintiff failed to present any evidence in support of her claim for lost time from work.

[2]  R.C. 2743.02(D)

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant.  This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in

"[i]n sum, defendant respectfully requests that the present action be dismissed because plaintiff has been fully compensated by a collateral source." Defendant did not address reimbursement of the filing fee paid by plaintiff.

CONCLUSIONS OF LAW

{¶3} Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶5} Plaintiff has the burden of proof to show her property damage was the direct result of failure of defendant's agents to exercise ordinary care in maintaining the roadway. In the instant claim, sufficient evidence has been submitted to show plaintiff's vehicle was damaged as a result of negligent acts or omissions on the part of defendant's agents. However, any damage claim plaintiff is entitled to receive is subject to the collateral source recovery provision of R.C. 2743.02(D). In addition, plaintiff failed to supply any supporting documentation to establish her claim for lost wages. Therefore, defendant is not liable for any damages claimed but is liable for the $25.00 filing fee which may be reimbursed as compensable costs. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

---

section 3345.40 of the Revised Code. The collateral benefits provisions of division (B)(2) of that section apply under those circumstances."



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARY JO LAZUR

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-09004-AD

Deputy Clerk Daniel R. Borchert

### ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $25.00, which represents the filing fee. Court costs are assessed against defendant.

                                    DANIEL R. BORCHERT
                                    Deputy Clerk

Entry cc:

Mary Jo Lazur                      Jerry Wray, Director
3239 Dogwood Drive            Department of Transportation
Oregon, Ohio 43616             1980 West Broad Street
                                Columbus, Ohio 43223

9/27
Filed 10/4/11
Sent to S.C. reporter 2/16/12