[Cite as *Hohenstein v. Ohio Veterans Home*, 2016-Ohio-7211.]

| | |
|---|---|
| WILLIAM HOHENSTEIN | Case No. 2016-00296-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| | <u>MEMORANDUM DECISION</u> |
| OHIO VETERANS HOME | |
| Defendant | |

{¶1} On April 7, 2016, plaintiff William Hohenstein (hereinafter "plaintiff") filed a complaint in this Court against defendant, Ohio Veterans Home (hereinafter "defendant"). In his complaint, plaintiff alleges that his dentures were lost in defendant's Sandusky facility. Plaintiff submitted a receipt from his dentist in the amount of $425.00 for the replacement cost of his lost dentures. Plaintiff paid the $25 filing fee.

{¶2} On June 7, 2016, defendant filed an investigation report. Defendant acknowledged having a "legal and moral obligation to care for the residents who reside [in its facilities] in a manner that provides for their safety and good health and also for the protection and security of their personal property." (defendant's investigation report, p.2). However, defendant denied liability in this matter and contended that "the Ohio Veterans Home is not the **guarantor** of personal property of the residents." Defendant suggested that plaintiff's dentures could have been lost in many ways, including being misplaced by plaintiff, thrown away, flushed down the toilet, or taken by another resident. Furthermore, defendant also pointed out that plaintiff did not deliver the dentures to its care, thereby creating a legal bailment duty. Consequently, defendant urges the court to rule in its favor.

{¶3} Defendant is under a duty to exercise ordinary care to protect personal property delivered into its possession. *Leech v. Ohio State University Hospital*, 61 Ohio Misc.2d 379 (1989). However, in order to prevail in a claim of negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that it

breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81.

{¶4} Although strict rules of evidence do not apply in administrative determinations, plaintiffs must prove their case by a preponderance of the evidence. *Venes v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2015-00200-AD, 2015 Ohio Misc. LEXIS 98 (Aug. 6, 2015). "It is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining their claim. If the evidence so produced furnishes only a basis for a choice, among different possibilities as to any issue in the case, they fail to sustain such burden." *Stevens v. Indus. Comm.*, 145 Ohio St. 198, 203 (1945).

{¶5} Here, plaintiff has failed to submit any evidence to show that he delivered his dentures to defendant, thereby creating a legal bailment relationship between plaintiff and defendant. In fact, plaintiff has failed to identify any particular actions taken by defendant that led to the loss of the dentures. Moreover, as defendant has pointed out, defendant cannot be the guarantor of all personal property belonging to plaintiff and the dentures, indeed, could have been lost in a multitude of ways through no fault of defendant. Consequently, plaintiff's claim is denied and judgment is rendered in favor of defendant.

| | |
|---|---|
| WILLIAM HOHENSTEIN | Case No. 2016-00296-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| OHIO VETERANS HOME | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| Defendant | |

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs shall be absorbed by the Court.

_____
MARK H. REED
Clerk

Entry cc:

William Hohenstein
5854 Newton Falls Road
Ravenna, Ohio 44266

Gregory J. Kowalski, Legal Counsel
Ohio Veterans' Home
3416 Columbus Avenue
Sandusky, Ohio 44870

Filed 8/16/16
Sent to S.C. Reporter 10/4/16