[Cite as *Hawkins v. Dept. of Transp.*, 2010-Ohio-4959.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAWRENCE E. HAWKINS

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-01859-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Lawrence E. Hawkins, filed this action against defendant, Department of Transportation (ODOT), alleging that he suffered rim damage to his automobile as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 204 in Fairfield County. Plaintiff related that he was traveling east on State Route 204 "adjacent to Ashley Creek Dr." when his car struck a large pothole damaging the left rear struts on the vehicle. Plaintiff recalled that the incident occurred on January 16, 2010 at approximately 7:30 p.m. Plaintiff seeks recovery of damages in the amount of $669.95, the cost of automotive repair. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's January 16, 2010 described occurrence. Defendant located the pothole "at milepost 1.76 on SR 204 in Fairfield County." Defendant explained that ODOT records show no prior reports of a pothole at that location despite the fact that the particular "section of the roadway has an average daily traffic count between 4,430 and 13,690

vehicles." Defendant argued that plaintiff did not provide any evidence to establish the length of time the particular pothole at milemarker 1.76 was present on the roadway prior to January 16, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Furthermore, defendant contended that plaintiff did not offer evidence to prove the roadway was negligent maintained. Defendant related that the ODOT "Fairfield County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of milemarker 1.76 the last time that section of State Route 204 was inspected before January 16, 2010. Defendant's records show that potholes were patched in the vicinity of plaintiff's incident on September 10, 2009, November 17, 2009, and December 11, 2009. Defendant asserted plaintiff did not offer any evidence to establish his property damage was attributable to any conduct on the part of ODOT.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on State Route 204 prior to the night of January 16, 2010.

{¶ 7} Therefore, to find liability, plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence, *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were last made in the vicinity of plaintiff's incident on December 11, 2009 does

not prove negligent maintenance of the roadway on the part of ODOT.

{¶ 10} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff has failed to prove that his property damage was connected to any conduct under the control of defendant, defendant was negligent in maintaining the roadway area, or that there was any actionable negligent conduct on the part of defendant in regard to pothole repair. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAWRENCE E. HAWKINS

   Plaintiff

   v.

DEPARTMENT OF TRANSPORTATION

   Defendant

   Case No. 2010-01859-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Lawrence E. Hawkins                    Jolene M. Molitoris, Director
9085 Indian Mound Road N.W.            Department of Transportation
Pickerington, Ohio  43147              1980 West Broad Street
                                       Columbus, Ohio  43223

RDK/laa
5/18
Filed 6/11/10
Sent to S.C. reporter 10/11/10