[Cite as *Nichols v. Ohio Dept. of Transp., Dist. 6*, 2010-Ohio-6557.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DARRELL L. NICHOLS, JR.

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 6

     Defendant

     Case No. 2010-05641-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Darrell L. Nichols, Jr., filed this action against defendant, Department of Transportation (ODOT), contending that his 1995 Honda Civic was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on US Route 33 in Union County. Plaintiff recalled that he was driving west on US Route 33 on February 21, 2010 at approximately 6:30 p.m. when his vehicle struck "a pothole near the centerline in the right hand lane" causing tire and rim damage to the car. Plaintiff requested damage recovery in the amount of $548.42, the total cost of replacement parts. The filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's February 21, 2010 described occurrence. Defendant located the pothole "at approximately milepost 20.37 on US 33 in Union County." Defendant explained that ODOT records show no prior reports of a pothole at the location despite the fact that the particular section of roadway on US 33 "has an average daily traffic count between

35,020 and 40,760 vehicles." Defendant argued that plaintiff did not provide any evidence to establish the length of time that the particular pothole at milemarker 20.37 was present on the roadway prior to 6:30 p.m. on February 21, 2010.

{¶ 3} Additionally, defendant contended that plaintiff did not offer evidence to prove that the roadway was negligently maintained. Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that no (0) pothole patching operations were conducted in the general vicinity of plaintiff's incident. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR

64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on US Route 33 prior to the evening of February 21, 2010.

{¶ 7} Therefore, to find liability plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard,* 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects no pothole repairs were made in the vicinity of plaintiff's incident in the six-month period preceding February 21, 2010 does not prove negligent maintenance of the roadway on the part of ODOT.

{¶ 10} Plaintiff has not produced any evidence to infer that defendant in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known

hazardous roadway condition. Plaintiff has failed to prove that his property damage was connected to any conduct under the control of defendant, that defendant was negligent in maintaining the roadway area, or that there was any actionable negligent conduct on the part of defendant in regard to pothole repair. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DARRELL L. NICHOLS, JR.

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION, DISTRICT 6

     Defendant

Case No. 2010-05641-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Darrell L. Nichols, Jr.                       Jolene M. Molitoris, Director
758 Carrs Run Road                       Department of Transportation
Waverly, Ohio 45690                       1980 West Broad Street
                                                        Columbus, Ohio 43223

RDK/laa
8/20
Filed 9/20/10
Sent to S.C. reporter 12/29/10