[Cite as *Jennings v. Ohio Dept. of Transp.*, 2010-Ohio-6547.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FENWICK JENNINGS

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-04009-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

**{¶ 1}** Plaintiff, Fenwick Jennings, filed this action against defendant, Department of Transportation (ODOT), contending that his 2001 Chrysler Sebring was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 North in Franklin County. Plaintiff related that his wife was driving his car on Interstate 71 on February 28, 2010 at approximately 2:00 p.m., when the vehicle "hit a huge pothole located on 71 north around the 270 area." According to plaintiff, the impact of striking the pothole caused damage to the ball joint and tie rod end on the automobile. In his complaint, plaintiff requested damage recovery in the amount of $694.30, the total cost of replacement parts and related repair expenses incurred in having the Chrysler Sebring repaired. The filing fee was paid.

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's February 28, 2010 described incident. Defendant advised that ODOT records show no complaints of a pothole were received at the location on Interstate 71 described by plaintiff (milepost 28.15). Defendant noted that the particular section of

roadway, "has an average daily traffic count between 103,160 and 124,050 vehicles," yet no prior complaints were received regarding a pothole at milepost 28.15 on Interstate 71. Defendant asserted that plaintiff failed to offer any evidence to prove that his property damage was attributable to ODOT personnel. Defendant contended that plaintiff failed to prove his property damage was proximately caused by negligent maintenance on the part of ODOT. Defendant explained that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no potholes were discovered at milepost 28.15 on Interstate 71 the last time that section of roadway was inspected before February 28, 2010. Defendant's maintenance records show "that two (2) pothole patching operations were conducted" in the vicinity of milepost 28.15 during the six-month period prior to February 28, 2010. The maintenance record (copy submitted) indicates that ODOT crews patched potholes in the area including milepost 28.15 on October 6, 2009, and December 15, 2009. Defendant contended that plaintiff failed to produce evidence to establish the length of time the particular pothole existed prior to 2:00 p.m. on February 28, 2010. Defendant stated that "if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 3} To prevail on a claim of negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996),

112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 5} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the pothole on Interstate 71 prior to February 28, 2010.

{¶ 6} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 7} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard.* "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 8} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole

repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 9} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff failed to prove his property damage was connected to any conduct under the control of defendant, that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FENWICK JENNINGS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-04009-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Deputy Clerk

Entry cc:

Fenwick Jennings
1847 Pannell Avenue
Columbus, Ohio  43207

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
8/6
Filed 9/20/10
Sent to S.C. reporter 12/29/10