[Cite as *Dietz v. Ohio Dept. of Transp.*, 2010-Ohio-6651.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JASON DIETZ

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-07563-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

**{¶ 1}** Plaintiff, Jason Dietz, filed this action against defendant, Department of Transportation (ODOT), contending that the window on his 2005 Jeep Cherokee was damaged as a proximate cause of negligence on the part of ODOT in conducting mowing operations along the berm of Interstate 71 South in Cuyahoga County. Plaintiff recalled that he was traveling south on Interstate 71 at approximately 8:00 a.m. on May 10, 2010 when he drove onto the Pearl Road exit and noticed "there was lawn mowing taking place surrounding the traffic light at the off-ramp." According to plaintiff, his Jeep Cherokee was damaged when "[a] rock was thrown from the mower which hit and broke the front, driver's side window" of the vehicle. In his complaint, plaintiff requested damages in the amount of $249.87, the cost of a replacement window. The filing fee was paid.

**{¶ 2}** Defendant explained that mowing operations for "this section of I-71 @ Pearl Road or US 42 was under contract" with ODOT contractor, Thompson Interstate Mowing, Inc. (Thompson). Defendant further explained that actual mowing of the roadway berm area was scheduled to be conducted by Thompson from May 11, 2010 to

October 15, 2010. Defendant denied that any ODOT mowers were operating in the area on May 10, 2010, the stated date of plaintiff's described damage incident. Defendant contended that plaintiff did not offer any evidence to prove that his vehicle was damaged as a result of any conduct attributable to either ODOT or Thompson. Defendant suggested that City of Cleveland personnel may have been mowing at the described area on May 10, 2010. Defendant requested this claim be dismissed due to the fact that ODOT is not a proper party defendant in this action. Plaintiff did not produce any evidence to establish his vehicle was damaged by ODOT personnel conducting mowing operations. Defendant submitted documentation showing that ODOT did not perform mowing operations along the particular section of Interstate 71 on May 10, 2010.

{¶ 3} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Furthermore, the duty to cut grass on highways is delegable to an independent contractor such as Thompson and consequently, no liability shall attach to ODOT for damage caused by the negligent acts of the independent contractor engaged in mowing operations. See *Gore v. Ohio Dept. of Transp.*, Franklin App. No. 02AP-996, 2003-Ohio-1648; *Cwalinski v. Ohio Dept. of Transp*, 2003-06778-AD, 2003-Ohio-5561.

{¶ 4} When maintenance is performed by ODOT personnel, defendant must exercise due diligence in conducting such maintenance and repair of highways. *Hennessy v. State of Ohio Highway Department* (1985), 85-02071-AD. This duty encompasses a duty to exercise reasonable care in conducting its roadside maintenance activities to protect personal property from the hazards arising out of the activities. *Rush v. Ohio Dept. of Transportation* (1992), 91-07526-AD.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding*

*Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Plaintiff has not proven, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his damage was proximately caused by defendant's negligence. Plaintiff has failed to show the damage to his car was connected to any conduct under the control of defendant, or any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

{¶ 7} Furthermore, this court does not have jurisdiction to determine claims arising from the acts of employees of the City of Cleveland.

{¶ 8} R.C. 2743.01(A) and (B) provide:

{¶ 9} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions.

{¶ 10} "(B) 'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches."

{¶ 11} R.C. 2743.02(A)(1) states in pertinent part:

{¶ 12} "(A)(1) The state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties ***."

**{¶ 13}** Furthermore, R.C. 2743.03(A)(1) provides in pertinent part:

**{¶ 14}** "(A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code *** ."

**{¶ 15}** Based on the facts of this claim, plaintiff's action does not lie against the state, but rather a political subdivision or an independent contractor. Consequently, the court does not have jurisdiction over either entity and therefore plaintiff's claim is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JASON DIETZ

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-07563-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Jason Dietz                          Jolene M. Molitoris, Director
32117 Lake Road                      Department of Transportation
Avon Lake, Ohio  44012               1980 West Broad Street
                                     Columbus, Ohio  43223

RDK/laa
10/1
Filed 10/15/10
Sent to S.C. reporter 2/2/11