[Cite as *Klingensmith v. Ohio Dept. of Transp.*, 2011-Ohio-1119.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEONARD KLINGENSMITH

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-09353-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Leonard Klingensmith, filed this action against defendant, Department of Transportation (ODOT), contending his 1966 Lincoln Continental was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 46 in Trumbull County. Specifically, plaintiff noted the wheels, tire, and suspension on his car were damaged when the vehicle hit a large pothole on State Route 46 North "about ½ mile south of Rt. 87 in Trumbull County." Plaintiff recalled his property damage incident occurred on June 16, 2010 at approximately 9:15 p.m. In his complaint, plaintiff requested damage recovery in the amount of $990.40, the stated cost of replacement parts and related repair expenses he incurred resulting from the described incident. Plaintiff reported the damage-causing pothole was approximately "35" long x 17" wide x 4 ½" deep." The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing defect prior to plaintiff's June 16, 2010 described occurrence. Defendant located the pothole at milepost 23.20 on SR 46 in Trumbull County. Defendant explained that ODOT records show no prior reports of a pothole condition at the location despite the fact that particular "section of

roadway has an average daily traffic count between 750 and 1,360 vehicles." Defendant argued that plaintiff did not provide any evidence to establish the length of time the particular defect at milemarker 23.20 was present on the roadway prior to 9:15 p.m. on June 16, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant pointed out that plaintiff "has presented no evidence to indicate how long the pothole existed in the roadway prior to his (June 16, 2010) incident." Defendant related "that if ODOT personnel had detected any defects beforehand, they would have been promptly scheduled for repair." Defendant noted that the roadway on State Route 46 North in the vicinity of milepost 23.20 "was in good condition at the time and in the general vicinity of plaintiff's incident." Defendant explained that the ODOT "Trumbull County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes or other defects were discovered near milepost 23.20 on State Route 46 North the last time that section of roadway was inspected prior to June 16, 2010. The claim file is devoid of any inspection record. Defendant did submit a "Maintenance History" for State Route 46 covering the period from December 1, 2009 to June 16, 2010. These records show that pothole patching repairs were conducted in the area including milepost 23.20 on January 13, 2010, February 10, 2010, and March 3, 2010.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on State Route 46 prior to June 16, 2010.

{¶ 7} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defects. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a

reasonable time or responded in a negligent manner, of 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEONARD KLINGENSMITH

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-09353-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Leonard Klingensmith                     Jolene M. Molitoris, Director
9068 Stub Road                           Department of Transportation
Orwell, Ohio  44676                      1980 West Broad Street
                                         Columbus, Ohio  43223

RDK/laa
12/16
Filed 1/7/11
Sent to S.C. reporter 3/4/11