[Cite as *Hardesty v. Ohio Dept. of Transp.*, 2011-Ohio-2894.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GINGER HARDESTY

　　Plaintiff

　　v.

OHIO DEPT. OF TRANS.

　　Defendant

Case No. 2010-10921-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

**{¶ 1}** Plaintiff, Ginger Hardesty, filed this action against defendant, Department of Transportation (ODOT), contending the tire on her 2008 Kia Rondo was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 670 in Franklin County. Specifically, plaintiff pointed out the tire on her van was damaged when the vehicle struck a pothole near the Gahanna exit on Interstate 670. Plaintiff recalled her damage incident occurred on August 8, 2010 at approximately 7:20 p.m. In her complaint, plaintiff requested damage recovery in the amount of $371.20, the total cost of a replacement tire and related repair expenses. The $25.00 filing fee was paid and plaintiff seeks recovery of that cost along with her damage claim.

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular pothole on the roadway prior to plaintiff's property damage occurrence. Defendant advised that the pothole plaintiff's vehicle struck was located "between mileposts 9.69 and 8.76 on I-670 in Franklin County." Defendant denied receiving any calls or complaints regarding a pothole at that location

on Interstate 670 prior to August 8, 2010. Defendant explained that ODOT records show no reports of a pothole at the location recorded prior to plaintiff's damage event. Defendant related that ODOT received seven complaints of potholes on Interstate 670 in June and July 2010, "but none of them are in the same location as plaintiff's." Defendant advised that no prior reports of a pothole between mileposts 9.69 and 8.76 were received despite the fact that this section of roadway "has an average daily traffic count between 17,490 and 106,620 vehicles."

{¶ 3} Defendant argued that plaintiff did not provide any evidence to establish the length of time the particular pothole between mileposts 9.69 and 8.76 was present on the roadway prior to August 8, 2010. Defendant suggested that, "it is more likely than not the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 4} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Franklin County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to August 8, 2010. Defendant asserted that plaintiff did not prove her property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that one (1) pothole patching operation was conducted in the general vicinity of plaintiff's incident." This pothole was repaired on March 10, 2010. Defendant related, "if ODOT personnel had detected any defects they would have promptly been scheduled for repair."

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the

case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on Interstate 670 prior to the night of August 8, 2010.

{¶ 8} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 9} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-

1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects one pothole repair was made in the vicinity of plaintiff's incident in March 2010 does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 11} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GINGER HARDESTY

Plaintiff

v.

OHIO DEPT. OF TRANS.

Defendant

Case No. 2010-10921-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ginger Hardesty
308 Marjoram Drive
Gahanna, Ohio  43230

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
3/7
Filed 3/17/11
Sent to S.C. reporter 6/9/11