[Cite as *Barnhart v. Ohio Dept. of Transp.*, 2011-Ohio-3958.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATT BARNHART

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-12401-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} Plaintiff, Matt Barnhart, filed this action against defendant, Ohio Department of Transportation (ODOT), alleging that his tire and rim were damaged on December 1, 2010, at approximately 8:00 a.m. as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on US Route 30. Specifically, plaintiff claimed that as he was approaching the Auglaize River bridge in the westbound lane, "I switched lanes from right to left. Just as I began to switch lanes I felt a huge rut in the road then my car got louder. I thought something bad had happened so I drove over to the median and saw that I blew a tire." Plaintiff seeks recovery of damages in the amount of $273.99, the stated cost of a replacement tire and rim plus reimbursement of the $25.00 filing fee. The filing fee was paid.

{¶ 2} Plaintiff submitted photographs of the roadway depicting the approach to the bridge. The photographs include a closeup view of an expansion joint which appears to be intact, and a view of the roadway approaching the bridge deck. The transition area spanning the roadway appears level, smooth, and without visible defects.

{¶ 3} Defendant denied liability based on the contention that no ODOT personnel

had any knowledge of the particular damage-causing pothole prior to plaintiff's December 1, 2010 incident. Defendant related that ODOT's investigation documents that plaintiff's incident occurred "at milepost 2.43 on US 30." Defendant denied receiving any prior calls or complaints about a pothole or potholes in the vicinity of that location despite the fact that "[t]his section of roadway has an average daily traffic count" of over 5,000 vehicles. Defendant asserted that plaintiff did not offer any evidence to establish the length of time that any pothole existed in the vicinity of milepost 2.43 on US Route 30 prior to 8:00 a.m. on December 1, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 4} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the District One Bridge Engineer Ted Foster "inspected this area of US 30 on December 10, 2010, and he did not find any deficiencies on the approach to the Auglaize River Bridge or on the bridge itself. He took photos of the area that he inspected." Those photographs (copies submitted) show the area of the bridge deck and the roadway approaching the bridge. One of the photographs depicts a horizontal linear area of asphalt that has some uneven edges and minor cracking. None of the photographs show a large rut or a sizeable roadway defect as described by plaintiff in his complaint.

{¶ 5} Defendant argued that plaintiff has failed to offer any evidence to prove his property damage was attributable to any conduct on the part of ODOT personnel. Plaintiff did not file a response.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and

followed.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole or defect on US Route 30 prior to the morning of December 1, 2010.

{¶ 9} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 10} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole or rut.

{¶ 11} Generally, in order to recover in a suit involving damage proximately

caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the roadway defect.

{¶ 12} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATT BARNHART

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-12401-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Matt Barnhart
4747 Swaney Road
Lima, Ohio 45801

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
4/7
Filed 4/27/11
Sent to S.C. reporter 8/10/11