[Cite as *Otloski v. Ohio Dept. of Transp.*, 2011-Ohio-5316.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARK E. OTLOSKI

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-05319-AD

Acting Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1} Plaintiff, Mark Otloski, filed this action against defendant, Department of Transportation (ODOT), contending his 1993 Oldsmobile Cutlass Ciera was damaged as a proximate result of negligence on the part of ODOT personnel in maintaining a hazardous condition on I-480 in Cuyahoga County. In his complaint, plaintiff provided a narrative description of his damage event recording he was traveling west on I-480 when "my left front tire struck a pothole created from a missing section of concrete prior to the bridge expansion joint causing the tire rim to be severely bent, flattening and damaging the tire and damaging the wheel cover." Plaintiff recalled the particular damage incident occurred on March 9, 2011, at approximately 8:10 p.m. Plaintiff requested damages in the amount of $229.85, the total cost of a replacement tire and related repair expenses. The $25.00 filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's March 9, 2011 described occurrence. Defendant located the pothole "at milepost 0.53 on I-480 in Cuyahoga County." Defendant argued plaintiff did not provide

any evidence to establish the length of time the particular pothole was present on the roadway prior to March 9, 2011. Defendant suggested, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶3}  Furthermore, defendant contended plaintiff did not offer any evidence to prove the roadway was negligently maintained. Defendant related the ODOT "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident on I-480 the last time that section of roadway was inspected prior to March 9, 2011. Defendant's maintenance records show potholes were patched in the specific location of plaintiff's incident on January 5, February 11, and March 7, 2011.

{¶4}  Plaintiff filed a response wherein he pointed out that several other vehicles also sustained damage from the same pothole, and that a Bedford Heights police officer was on the scene assisting the motorists.

{¶5}  For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6}  Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7}   In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.  Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.  There is no evidence defendant had actual notice of the pothole on I-480 prior to the evening of March 9, 2011.

{¶8}   Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect.  The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶9}   In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.  Size of the defect is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.  "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards."  *Bussard,* at 4.  "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."  *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  There is insufficient evidence to show defendant had constructive notice of the pothole.

{¶10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.  Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that

either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. A pothole patch which deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. According to the investigation report submitted by defendant, plaintiff's vehicle was damaged by a pothole that had been patched as recently as March 7, 2011 and the repair patch had failed by March 9, 2011.

{¶11} The fact that the pothole plaintiff's car struck deteriorated in a time frame of less than two days warrants application of the standard expressed in *Matala*; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288. See also *Romes v. Ohio Dept. Of Transp.*, Ct. of Cl. No. 2008-01286-AD, 2008-Ohio-4624. Negligence in this action has been proven and defendant is liable for the damage claimed, plus filing fee costs.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARK E. OTLOSKI

 Plaintiff

 v.

OHIO DEPARTMENT OF TRANSPORTATION

 Defendant

 Case No. 2011-05319-AD

Acting Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE</u>
<u>DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $254.85, which includes reimbursement of the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Mark R. Otloski
1474 West 29th Street
Cleveland, Ohio  44113

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
6/28
Filed 7/13/11
Sent to S.C. reporter 10/13/11