[Cite as *Brison v. Ohio Dept. of Transp.*, 2011-Ohio-6926.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM BRISON

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2011-04142-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, William Brison, filed this action against defendant, Ohio Department of Transportation (ODOT), contending that his vehicle was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on State Route 687. In his complaint, plaintiff described the particular damage event noting that he was traveling northbound on State Route 687 when "his front right wheel & tire fell into a pothole in the right lane." Plaintiff incurred damage to the wheel, tire and tie rod. Plaintiff recalled the damage event occurred on March 5, 2011, at approximately 11:32 p.m. Plaintiff seeks recovery of damages in the amount of $618.58, the stated total amount for a replacement tire, vehicle repair costs, and reimbursement of the filing fee. The $25.00 filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident. Defendant located plaintiff's incident "at milepost 2.46 on SR 687 in Stark County." Defendant pointed out that the "only deficiency is a patched area that was made by a utility cut in the pavement." Defendant denied receiving any prior calls or complaints about a pothole or potholes in the vicinity of that location. Defendant

asserted that plaintiff did not offer any evidence to establish the length of time that any pothole existed in the vicinity of milepost 2.46 on SR 687 prior to plaintiff's incident. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶3} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Stark County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to March 5, 2011. The claim file is devoid of any inspection record. Defendant argued that plaintiff has failed to offer any evidence to prove his property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the  area in question reveals that two (2) pothole patching operations were conducted in the general vicinity of plaintiff's incident." Plaintiff did not file a response.

{¶4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise conditions or defects alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on SR 687 prior to March 5, 2011.

{¶7} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4. "Obviously, the

requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has failed to produce sufficient evidence to prove his property damage was caused by negligent maintenance despite evidence supplied by defendant that the damage-causing condition in the instant claim emanated from a deteriorated pavement patch. *Mossevelde v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-08515-AD, 2008-Ohio-7116; *Christie v. Ohio Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2009-03924-AD, 2009-Ohio-6888.

{¶10} A pothole patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618. However, a patch which may or may not have deteriorated over a longer time frame does not constitute, in and of itself, conclusive evidence of negligent maintenance. See *Edwards v. Ohio Department of Transportation, District 8*, Ct. of Cl. No. 2006-01343-AD, jud, 2006-Ohio-7173. Plaintiff has failed to prove when the pothole that damage his vehicle had been previously patched or that the area was patched with material subject to rapid deterioration. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶11} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM BRISON

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-04142-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

| | |
|---|---|
| William Brison | Jerry Wray, Director |
| 2816 17th Street N.W. | Department of Transportation |
| Canton, Ohio  44708 | 1980 West Broad Street |
| | Columbus, Ohio  43223 |

SJM/laa
8/18