[Cite as *Bodden v. Dept. of Transp.*, 2011-Ohio-6940.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL H. BODDEN

    Plaintiff

    v.

THE DEPT. OF TRANSPORTATION

    Defendant

Case No. 2011-07303-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}　Plaintiff, Paul Bodden, stated he was traveling south on Interstate 77 near the "96 mile marker" at about 4:16 p.m. on October 12, 2010, when "a yellow mowing vehicle or vehicles on the right side (west berm) of the highway within the right-of-way, ran its mower(s) into what I assume was a gravel deposit. A hail of stones was projected by and from the mower blades and they flew from the deposit onto the highway striking several cars, including mine, with heavy stones damaging my car with multiple 'pock marks'. * * * The 20-or so small dents extended all along the right side of my car, from the front fender to the rear bumper." After the incident described, plaintiff contacted the Tuscarawas County engineer who informed him that the defendant, Department of Transportation ("DOT"), was responsible for berm grass cutting operations along Interstate 77.

{¶2}　Plaintiff asserted the damage to his car caused by the mowing activity was attributable to acts of defendant. Consequently, plaintiff filed this complaint seeking to recover $1,124.89, the cost to his insurance company for repairing the damage, mileage expense for plaintiff to travel to and from the repair facility, and reimbursement both of

plaintiff's $50.00 deductible and of the $25.00 filing fee. The filing fee was paid.

{¶3} Defendant asserted no DOT tractors were mowing along the particular area of Interstate 77 on October 12, 2010. Defendant explained DOT contractor, Brypan, was engaged to conduct mowing operations along Interstate 77 from May 17, 2009 to October 22, 2010. Defendant further explained Brypan owns and uses red tractors for mowing. Defendant denied receiving any mowing complaints in the general vicinity of plaintiff's damage event. In addition, defendant denied DOT performed any mowing along Interstate 77 near plaintiff's incident between April 1, 2010, and October12, 2010. DOT maintenance records support this assertion.

{¶4} Plaintiff filed a response asserting that his description of the mowing vehicles was merely a guess and that during the incident a cloud of dust obscured plaintiff's view of the mower or mowers.

{¶5} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Furthermore, the duty to cut grass on highways is delegable to an independent contractor such as Brypan and consequently, no liability shall attach to DOT for damage caused by the negligent acts of the independent contractor engaged in mowing operations. See *Gore v. Ohio Dept. of Transp.*, Franklin App. No. 02AP-996, 2003-Ohio-1648; *Cwalinski v. Ohio Dept. of Transp.*, 2003-06778-AD, 2003-Ohio-5561.

{¶6} When maintenance is performed by DOT personnel, defendant must exercise due diligence in conducting such maintenance and repair of highways. *Hennessy v. State of Ohio Highway Department* (1985), 85-02071-AD. This duty encompasses a duty to exercise reasonable care in conducting its roadside maintenance activities to protect personal property from the hazards arising out of these activities. *Rush v. Ohio Dept. of Transportation* (1992), 91-07526-AD.

{¶7} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy*

*Company, Inc.* 99 Ohio St. 3d 79, 81, 2003-Ohio-2573,¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus . Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶8} Plaintiff has not proven, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his damage was proximately caused by defendant's negligence. Plaintiff failed to show the damage to his car was connected to any conduct under the control of defendant, or any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL H. BODDEN

     Plaintiff

     v.

THE DEPT. OF TRANSPORTATION

     Defendant

Case No. 2011-07303-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Paul H. Bodden
71 York Drive
Hudson, Ohio 44236

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
8/24
Filed 8/31/11
Sent to S.C. reporter 1/19/12